IN THE UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF TENNESSEE**
AT GREENEVILLE

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the NATIONAL ROOFING INDUSTRY PENSION FUND and the ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND,<br><br>  Plaintiffs,<br><br>vs.<br><br>H2OPRUF, LLC,<br><br>  Defendant. | Judges:<br><br>Civil Action No.: |

# COMPLAINT

Come the Plaintiffs, The Board of Trustees, in their capacities as Trustees of the National Roofing Industry Pension Fund (hereinafter "Pension Fund") and the Roofers and Waterproofers Research and Education Joint Trust Fund (hereinafter "Education Fund") (collectively, hereinafter the "Trust Funds" or "Plaintiffs"), and sue Defendant H2OPRUF, LLC (hereinafter "Defendant") as follows:

## I. JURISDICTION

1. This action arises under and is brought pursuant to Section 502 of the Employee Retirement Income Security Act (hereinafter, "ERISA") as amended (29 U.S.C. §1132), which grants district courts exclusive jurisdiction to hear civil actions brought by a fiduciary. Further, Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a

Page 1

fiduciary has standing to enforce ERISA provisions. The Boards of Trustees are Trustees of the Pension Fund and the Education Fund, collectively referred to herein as the "Trust Funds," and have the authority to bring actions on behalf of the Trustees. The Boards of Trustees of the Trust Funds also have standing to bring this action to enforce any ERISA provisions, as the Trustees are fiduciaries. Attached hereto as Exhibit 1 is a true and correct copy of the relevant Amendments to National Roofing Industry Pension Plan, specifically, the amendments related to the delinquency of contributions. Attached hereto as Exhibit 1A is a true and correct copy of the Restated and Consolidated Policy and Procedures on Collection of Delinquent Contributions and Payroll Audits. Attached hereto as Exhibit 2 is the Restated Agreement and Declaration of Trust Creating the Roofers and Waterproofers Research and Education Joint Trust Fund.

The Trust Funds are authorized under federal law to verify information submitted by employers. The auditor is permitted to inspect all of the employer's payroll records as that action is within the authority of the Trustees as outlined in the Trust documents. *Cent. States, Southeast & Southwest Areas Pension Fund v. Cent. Transp., Inc*., 472 U.S. 559, 581-581, (1985).

2.     This action also arises under and is brought pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which extends to all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . " At all relevant times, H2OPruf was bound to a written collective bargaining agreement with the United Union of Roofers, Waterproofers, and Allied Workers Local 136A (hereinafter the "Union"), a labor organization within the meaning of Section 301 of the LMRA. 29 U.S.C. § 185. Plaintiffs

seek to enforce Defendant's obligations under the Collective Bargaining Agreement between the Union and H20Pruf. Therefore, this Court has jurisdiction under the LMRA over this action.

## II. VENUE

3. Contributions are due and payable in Hamblen County. Venue is therefore proper in the Northeastern Division of the U.S. District Court for the Eastern District of Tennessee. 29 U.S.C. § 1132(e).

## III. PARTIES

4. Plaintiffs were Trustees of the Trust Funds at all times material to this action. At all such times, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to Section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of Sections 3, 4, and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements.

5. Defendant H20Pruf is, and has been at all times material, an employer within the meaning of Section 3(5) and Section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185). At all times material herein, the Defendant has conducted business in and/or resided in the State of Tennessee.

6. Defendant H20Pruf is a domestic LLC created under the laws of the State of Tennessee with its principal address at 2509 Shields Ferry Road, Morristown, Tennessee 37814-5329. It may be served through its Registered Agent, Jessica Lynne Goodman, 2511 Shields Ferry Road, Morristown, Tennessee 37814-5329.

## IV. FACTS

7. At all times material to this action, H20Pruf was a moisture protection specialist in the areas of parking structures, correctional facilities, judicial buildings, education facilities, and institutional facilities.

8. H20Pruf entered into Collective Bargaining Agreements effective between January 1, 2016 to December 31, 2019 (attached hereto as Exhibit 3), July 1, 2017 to December 31, 2018 (attached hereto as Exhibit 4), and from December 1, 2020 until December 31, 2021 (attached hereto as Exhibit 5), all of which are incorporated by reference herein and will be collectively referred to as the "Contractual Agreements."

9. The Contractual Agreements by their terms incorporate the Trust Agreements establishing each of the Plaintiffs' Trust Funds. (Article IX of Exhibit 3; Article IX of Exhibit 4, and Articles IX and X of Exhibit 5).

10. Pursuant to the Contractual Agreements, Defendant is required to contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of their employees who performed any work covered by said Contractual Agreements, and that they would be subject to and boundy by all of the terms, provisions and conditions of the Trust Agreements.

11. The Amendments to the Restated Agreement and Declaration of Trust Creating the National Roofing Industry Pension Fund (Exhibit 1 and Exhibit 1A) provide for

prompt payment of all employer contributions to the Trust Funds and also provide for liquidated damages. Liquidated damages are not a penalty but a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses at the time the Contractual Agreements were negotiated. (Exhibit 1A, Section 3.10)

12. Said Contractual Agreements provide for prompt payment of all delinquent contributions to the various Trust Funds, and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

13. A payroll audit was requested of Defendant on February 22, 2019 in order to verify the accuracy of reporting for the period of March 1, 2013 to March 31, 2018. (Exhibit 6, attached hereto.) The audit has not been completed as of the date of this filing.

14. A notice of a payment deficit was provided to Defendant on May 19, 2020 for the amount of $718.67, due to an underpayment for the period of October, 2019 to February, 2020. (Exhibit 7, attached hereto).

15. On July 9, 2020, counsel for Plaintiffs notified Defendant of contribution shortages, liquidated damages, interest, and attorneys' fees due totaling $9,253.37. It was also notified that Legacy Professionals had never been provided with cooperation by Defendant in order to perform the audit and it remained undone. (Exhibit 8, attached hereto.)

16. On July 31, 2020, counsel for Plaintiffs notified Defendant the amount of $15,752 was outstanding for contribution shortages, liquidated damages, interest, and attorneys' fees. Receipt of a payment in the amount of $160.04 for past contribution shorts in the months of November and December, 2018, March 2019, and July 2019 was acknowledged. (Exhibit 9, attached hereto.)

17. In January, 2022, H20Pruf was notified that a Termination (exit) audit (instead of a payroll audit) needed to be completed. A request was made by Plaintiffs' designated agent, Legacy Professionals, LLP, for specific information for the time period of November 1, 2020 through December 31, 2021. Despite repeated requests for specific information, H20Pruf, LLC has not complied by providing all the requested records. Some contribution forms have been completed by Defendant for the period from May, 2021 through September, 2021, but these amounts have not been paid. (Exhibit 10, attached hereto.)

18. In February, 2022, Defendant said it would "get started" on gathering the items needed for the audit. Since that time, follow-up emails and calls by the auditor from Legal Professionals, LLP have gone unanswered.

19. A claim computation and supporting documentation shows Defendant's current arrearage at a minimum of $35,786.66. (Exhibit 11, attached hereto.) This amount continues to grow as the interest, liquidated damages, attorneys' fees, and court costs continue to accumulate.

20. On April 6, 2022, counsel for Plaintiff notified Defendant that a definite time and place for the Termination Audit needed to be set by Defendant. (Exhibit 12, attached hereto.) On April 11, 2022, Defendant responded that it needed additional documentation

in order to comply. (Exhibit 13, attached hereto.) The requested information was previously provided by Plaintiff's auditor to Defendant.

## V. BREACH OF CONTRACT

21. Paragraphs 1 through 20 are hereby realleged and incorporated in full by reference as if fully set forth herein.

22. Pursuant to the Trust Agreements and Contractual Agreements, Defendant was required to timely remit all amounts due to the Plaintiffs.

23. In Exhibit 3, the contract in place between the parties for the period of January 1, 2016 until December 31, 2019, Defendant was required to remit payments no later than the 10th or 15th day of the following month, depending on the type of monies withheld from the employees. (Article XVII, Section A and E)

24. In Exhibit 4, the contract in place between the parties for the period of July 1, 2017 until December 31, 2018, Defendant was required to remit payments no later than the 10th or 15th day of the following month, depending on the type of monies withheld from the employees. (Article XVIII, Section A and D)

25. In Exhibit 5, the contract in place between the parties for the period of January 1, 2020 until December 31, 2021, Defendant was required to remit payments no later than the 10th or 15th day of the following month, depending on the type of monies withheld from the employees. (Article XIX, Section B and E)

26. Demand has been made of the Defendant for the required audit and payment of monies owed. Defendant has refused to pay such amounts. The amount of at least $35,786.66 is now due and owing to the Trust Funds from Defendant, in addition to any additional amount found to be owed after the audit.

27. Plaintiffs have complied with all conditions to be performed under the terms of the Contractual Agreements and the Trust Agreements.

28. Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all benefit contributions due and owing pursuant to the terms of the applicable Contractual Agreements, Trust Agreements, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

29. Plaintiffs believe that additional amounts may be due and owing and seek an audit to determine the same.

## VI. DAMAGES

30. Paragraphs 1 through 29 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

31. As a direct and proximate result of each and every of the foregoing acts, conduct, and breaches of contracts between the parties by the Defendant as alleged herein, Plaintiffs have suffered damages in an amount according to proof, including but not limited to, lost benefit contributions, interest, and liquidated damages.

32. Plaintiffs are further entitled to their reasonable attorney's fees and costs in an amount to be determined.

## VII. PRAYER FOR RELIEF

33. Paragraphs 1 through 32 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

34. As a result of the conduct and actions of the Defendant herein alleged, Plaintiffs pray:

  A. That the Court assume jurisdiction of this action and that process issue;

  B. That the Court issue an injunction against the Defendant to comply with the terms of the Collective Bargaining Agreements with the Union, including submitting to an audit of the books and records by the Trust Funds.

  C. That Plaintiffs be awarded damages in such amount as may be determined by this Honorable Court, including but not limited to damages for unpaid benefit contributions, interest and liquidated damages.

  D. For attorneys' fees and costs as cited herein; and,

  E. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 24th day of May, 2022.

/s/ Katherine A. Young
Katherine A. Young, BPR No. 017178
9041 Executive Park Drive, Suite 121
Knoxville, Tennessee 37923
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

Attorney for Plaintiffs